STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**

**June 16, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **B.L.-1, E.L., J.L., and B.L.-2**

**No. 16-0822** (Mercer County 15-JA-77-DS, 15-JA-78-DS,15-JA-79-DS, & 15-JA-80-DS)


**MEMORANDUM DECISION**

Petitioner Mother A.L., by counsel Paul R. Cassell, appeals the Circuit Court of Mercer County's August 4, 2016, order terminating her parental, custodial, and guardianship rights to then thirteen-year-old B.L.-1, ten-year-old E.L., nine-year-old J.L., and one-year-old B.L.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Catherine Bond Wallace, filed a response on behalf of the children in support of the circuit court's order. Petitioner filed a reply to the DHHR's response and an amended reply following the filing of the guardian's response. On appeal, petitioner argues that the circuit court erred in terminating her parental, custodial, and guardianship rights to the children because its findings were insufficient and because incarceration alone did not support termination of those rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2015, the DHHR filed an abuse and neglect petition against the children's parents. In the petition, the DHHR claimed that petitioner was arrested after "continually testing positive for substances" while in Mercer County's Drug Court program. The petition noted that J.L. (the father of three of petitioner's children) was also incarcerated.[2]

In July of 2015, the circuit court held an adjudicatory hearing. Petitioner stipulated to the allegations against her as set forth in the petition. The circuit court accepted petitioner's

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Further, as two of the children share the same initial, we use numbers (B.L.-1 and B.L.-2) to distinguish them in this memorandum decision.

[2]In July of 2015, the petition was amended for reasons not relevant to this appeal.

1

stipulations and granted her a six-month, post-adjudicatory improvement period, which included a requirement for long-term drug treatment. Thereafter, petitioner entered the Residential Substance Abuse Treatment ("RSAT") program to correct her drug abuse issues.

Thereafter, the DHHR filed a motion to terminate petitioner's parental rights to the children. In its motion, the DHHR asserted that petitioner was discharged from RSAT; continued to abuse drugs; and "engaged in further criminal activity."

In March of 2016, the circuit court held a dispositional hearing. At that hearing, a Mercer County Drug Court coordinator testified that petitioner was discharged from the drug court program in November of 2015 following four positive drug screens for controlled substances (including hydromorphone), violations of home incarceration, and a misdemeanor conviction. A DHHR worker testified that petitioner was also discharged from RSAT in September of 2015, which petitioner was to complete in order to comply with the requirements of her improvement period. Petitioner testified that she was incarcerated on charges of child neglect creating the risk of injury and attempt to commit a felony. In her testimony, petitioner asked for additional time to be released from prison, to obtain work, to comply with drug treatment, and to find suitable housing. At the conclusion of the hearing, the circuit court stated that the evidence was sufficient to terminate petitioner's parental rights. However, the circuit court held the matter in abeyance for three months, during which time petitioner was directed to, at a minimum, (1) re-enter and comply with RSAT or a comparable treatment program; (2) decide whether she would remain in a relationship with J.L.; and (3) address issues regarding her mental health.

In July of 2016, the circuit court held a final dispositional hearing. Petitioner testified that she was able to modify her medications to correct the issues regarding her mental health, but she stated that she was denied re-entry into the RSAT program due to her discharge from the drug court program. She claimed to have sought drug treatment in prison but was placed on lengthy waiting lists. Further, petitioner testified that she was unable to receive accelerated parole, but she had a pending motion for reduction of sentence. The circuit court noted that petitioner's efforts might have been more favorable to her "if this was a year ago." By order entered on August 4, 2016, the circuit court terminated petitioner's parental rights to the children.[3] This appeal followed.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the

---

[3]The parental rights of all parents were terminated below. According to the guardian ad litem, the children are currently placed together in foster care and are "doing well and appear to be happy in their placement." In March of 2017, B.L.-1 was temporarily in a diagnostic program at River Park Hospital due to behavioral issues, but he was or will be returned to the foster parents upon completion of that program. The permanency plan for the children is adoption into the foster home.

evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner first argues that the circuit court's findings were insufficient to support the termination of her parental, custodial, and guardianship rights to the children. Petitioner correctly notes that

> "[w]here a trial court order terminating parental rights merely declares that there is no reasonable likelihood that a parent can eliminate the conditions of neglect, without explicitly stating factual findings in the order or on the record supporting such conclusion, and fails to state statutory findings required by West Virginia Code § 49-6-5(a)(6) (1998) (Repl.Vol.2001) [now West Virginia Code § 49-4-604] on the record or in the order, the order is inadequate." Syl. Pt. 4, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 9, *In re Lilith H.*, 231 W.Va. 170, 744 S.E.2d 280 (2013). Petitioner argues that the circuit court failed to make adequate findings, as required by *Lilith H.*, in both its written termination order and on the record at the dispositional hearings.[4] The DHHR, however, asserts that the record was clearly sufficient to support termination. According to the DHHR, the written order contains statements that petitioner remained incarcerated "hop[ing]" to be released on a motion for reduction of sentence and that her motion for an improvement period was opposed by both the DHHR and the guardian. The DHHR further asserts that the record at the dispositional hearings established that termination was proper due to petitioner's inability to substantially correct the conditions of neglect in the near future. We agree.

In this case, while the circuit court's written termination order is not lengthy and contains limited findings supporting its ruling, our holding cited in *Lilith H.* above provides that relevant findings must be made "in the order *or* on the record." *Id*. (emphasis added). The circuit court's findings on the record at both dispositional hearing are alone adequate, pursuant to West Virginia Code § 49-4-604, to support termination. At the first dispositional hearing, in addition to stating its concerns regarding petitioner's drug use and her being "[k]icked out of Prestera [a treatment

---

[4]It appears from the docketing sheet in the appendix record that an order from the first dispositional hearing was entered on April 6, 2016. Petitioner failed to include that order in the appendix record, and, therefore, we may not determine whether that order contained additional findings from the first dispositional hearing.

3

program]," the circuit court found that petitioner "can't get out of jail. . . . can't be trusted. . . . [has] no plan, [and has] nowhere to feed these kids." Based on the evidence presented at that hearing, the circuit court noted that "there's sufficient evidence for me to terminate [petitioner's parental, custodial, and guardianship rights to the children]. Easily there's sufficient evidence." However, despite the sufficiency of the evidence in support of termination at that time, the circuit court granted petitioner an additional three months to pursue her improvement goals.

When that three-month period ended, the circuit court found at the second dispositional hearing that petitioner did not qualify for RSAT; was discharged from the drug court program; was the subject a prior abuse and neglect proceeding based on similar issues; and remained incarcerated. Moreover, the circuit court noted that the instant abuse and neglect proceeding had been pending for more than a year at the time of the second dispositional hearing and "these kids just need permanency." Having reviewed the record thoroughly, we find no error in the circuit court's findings in support of its ruling terminating petitioner's parental, custodial, and guardianship rights to the children. Accordingly, we find no merit to petitioner's first argument on appeal.

Petitioner's second ground for relief is that the circuit court erred in terminating her parental, custodial, and guardianship rights based solely on her incarceration. Petitioner argues that she complied with the requirements placed upon her at the first dispositional hearing, but because she remained incarcerated, the circuit court terminated her rights. First, we note that petitioner did not comply with the circuit court's directive from the first dispositional hearing that she re-enter RSAT or a comparable program. It is undisputed that petitioner was denied re-entry to RSAT and was wait-listed in other programs, which may or may not have been comparable to RSAT. Therefore, petitioner's factual assertions underpinning her argument on appeal are incorrect. Further, we find that the circuit court did not base its termination on incarceration alone. Petitioner stipulated at the adjudicatory hearing that she neglected the children through her abuse of drugs, and she clearly failed to correct that condition of neglect throughout her improvement period or in the additional three months granted to her by the circuit court at the first dispositional hearing.

However, assuming the circuit court had based its termination solely on petitioner's incarceration, we have explained that incarceration may form the basis for a termination of parental rights. *Cecil T.*, 228 W.Va. at 96, 717 S.E.2d at 880. In *Cecil T.*, we explained that

> When no factors and circumstances other than incarceration are raised at a disposition hearing in a child abuse and neglect proceeding with regard to a parent's ability to remedy the condition of abuse and neglect in the near future, the circuit court shall evaluate whether the best interests of a child are served by terminating the rights of the biological parent in light of the evidence before it. This would necessarily include but not be limited to consideration of the nature of the offense for which the parent is incarcerated, the terms of the confinement, and the length of the incarceration in light of the abused or neglected child's best interests and paramount need for permanency, security, stability and continuity.

228 W.Va. at 91, 717 S.E.2d at 875, Syl. Pt. 3.

4

Further, West Virginia Code § 49-4-604(6) provides that circuit courts are directed to terminate parental rights where there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. We have also held that "[t]ermination . . . may be employed without the use of intervening less[-]restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." *In re Katie S.*, 198 W.Va. 79, 82, 479 S.E.2d 589, 592, syl. pt. 7, in part.

Here, petitioner acknowledges that she was incarcerated at the time of the final dispositional hearing and that her release from incarceration was dependent on another circuit court granting her motion for reduction of sentence. Based on petitioner's incarceration for a prolonged period and her continued failures to remedy her issues with drug abuse, we find no error in the circuit court's termination order.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 4, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**:  June 16, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker